MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROSARIO ARECIO, *individually and on behalf of others similarly situated,*

                    *Plaintiff,*

       -against-

COMMUNITY CAR SERVICE PRISCILLA CORP.,
(d/b/a PRISCILLA COMMUNITY CAR SERVICE),
RAMON DONATO GUZMAN BENCOSME, JUAN
BENCOSME, ARSENIO DE LA MOTA, JUAN MEJIA,
FELIX BETANCES, MARIO OVALLES, RAFAEL DOE,
BENITO HEREDIA, and GIL FUENTES

                    *Defendants.*

-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Rosario Arecio ("Plaintiff Arecio" or "Mr. Arecio"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Community Car Service Priscilla Corp. (d/b/a Priscilla Community Car Service), Ramon Donato Guzman Bencosme, Juan Bencosme, Arsenio de la Mota, Juan Mejia, Felix Betances, Mario Ovalles, Rafael Doe, Benito Heredia, and Gil Fuentes (collectively "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

       1.     Plaintiff Arecio is a former employee of Community Car Service Priscilla Corp. (d/b/a Priscilla Community Car Service), Ramon Donato Guzman Bencosme, Juan Bencosme,

Arsenio de la Mota, Juan Mejia, Felix Betances, Mario Ovalles, Rafael Doe, Benito Heredia, and Gil Fuentes.

2.      Defendants own, operate, and/or control a car service located at 896 Wyckoff Ave., Brooklyn, NY, 11237 (formerly located at 917 Wyckoff Ave, Brooklyn, NY 11385) (hereinafter Priscilla Community Car Service).

3.      Plaintiff Arecio was an employee of Defendants.

4.      Plaintiff Arecio was employed as a dispatcher.

5.      Plaintiff Arecio regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

6.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Arecio appropriately for any hours he worked over 40 each week.

7.      Defendants' conduct extended beyond Plaintiff Arecio to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Arecio and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiff Arecio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2

10.     Plaintiff Arecio seeks certification of this action as a collective action on behalf of himself, individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Arecio's state law claims are conferred by 28 U.S.C. § 1367(a).

12.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Arecio was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Rosario Arecio*

13.     Plaintiff Arecio is an adult individual residing in Queens County, New York.

14.     Plaintiff Arecio was employed by Defendants from approximately 1987 until on or about October 23, 2017.

15.     Throughout his employment with Defendants, Plaintiff Arecio worked at Defendants' dispatch office at 896 Wyckoff Ave., Brooklyn, NY, 11237 and formerly at 917 Wyckoff Ave, Brooklyn, NY 11385.

16.     Plaintiff Arecio consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

3

17. At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a car service located at 896 Wyckoff Ave., Brooklyn, NY, 11237 (and formerly at 917 Wyckoff Ave, Brooklyn, NY 11385), under the name Priscilla Community Car Service.

18. Upon information and belief, Community Car Service Priscilla Corp. is a domestic corporation organized and existing under the laws of the state of New York.

19. Community Car Service Priscilla Corp. maintains its principal place of business at 896 Wyckoff Ave., Brooklyn, NY, 11237.

*Defendant Ramon Donato Guzman Bencosme*

20. Defendant Ramon Donato Guzman Bencosme is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

21. Defendant Ramon Donato Guzman Bencosme is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

22. Upon information and belief, Defendant Ramon Donato Guzman Bencosme possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23. Defendant Ramon Donato Guzman Bencosme determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Juan Bencosme*

24. Defendant Juan Bencosme is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25.     Defendant Juan Bencosme is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

26.     Upon information and belief, Defendant Juan Bencosme possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

27.     Defendant Juan Bencosme determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Arsenio de la Mota*

28.     Defendant Arsenio de la Mota is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

29.     Defendant Arsenio de la Mota is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

30.     Upon information and belief, Defendant Arsenio de la Mota possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

31.     Defendant Arsenio de la Mota determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Juan Mejia*

32.     Defendant Juan Mejia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

33.     Defendant Juan Mejia is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

34.     Upon information and belief, Defendant Juan Mejia possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

35.     Defendant Juan Mejia determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Felix Betances*

36.     Defendant Felix Betances is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

37.     Defendant Felix Betances is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

38.     Upon information and belief, Defendant Felix Betances possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

39.     Defendant Felix Betances determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Mario Ovalles*

40.     Defendant Mario Ovalles is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

41.     Defendant Mario Ovalles is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

42.     Upon information and belief, Defendant Mario Ovalles possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

43.     Defendant Mario Ovalles determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Rafael Doe*

44.     Defendant Rafael Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

45.     Defendant Rafael Doe is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

46.     Upon information and belief, Defendant Rafael Doe possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

47.     Defendant Rafael Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Benito Heredia*

48.     Defendant Benito Heredia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

49.     Defendant Benito Heredia is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

50.     Upon information and belief, Defendant Benito Heredia possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

51.     Defendant Benito Heredia determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Gil Fuentes*

52.     Defendant Gil Fuentes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

53.     Defendant Gil Fuentes is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

54.     Upon information and belief, Defendant Gil Fuentes possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

55.     Defendant Gil Fuentes determined the wages and compensation of the employees of Defendants, including Plaintiff Arecio, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

56.     Defendants operate a car service under the name "Priscilla Community Car Service" located in Brooklyn.

57.     Upon information and belief, individual defendants Ramon Donato Guzman Bencosme, Juan Bencosme, Arsenio de la Mota, Juan Mejia, Felix Betances, Mario Ovalles, Rafael Doe, Benito Heredia, and Gil Fuentes possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

58.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

59.     Each Defendant possessed substantial control over Plaintiff Arecio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Arecio, and all similarly situated individuals, referred to herein.

60.     Defendants jointly employed Plaintiff Arecio, and all similarly situated individuals, and are his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

61.     In the alternative, defendants constituted a single employer of Plaintiff Arecio and/or similarly situated individuals.

62.     Upon information and belief, individual defendants Juan Bencosme, Arsenio de la Mota, Juan Mejia, Felix Betances, Mario Ovalles, Rafael Doe, Benito Heredia, and Gil Fuentes operate Defendant Corporation as an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

 a.  failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;

 b.  defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

 c.  transferring assets and debts freely as between all Defendants;

 d.  operating defendant Corporation for their own benefit as the sole or majority shareholders;

 e.  operating defendant Corporation for their own benefit and maintaining; control over it as a closed corporation or closely held controlled entity;

      f.   intermingling assets and debts of their own with defendant Corporation;

      g.   diminishing and/or transferring assets to protect their own interests; and

      h.   other actions evincing a failure to adhere to the corporate form.

63.     At all relevant times, Defendants were Plaintiff Arecio's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Arecio, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his services.

64.     In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

65.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, the cars driven by the staff were produced outside the state of New York.

*Individual Plaintiff*

66.     Plaintiff Arecio is a former employee of Defendants who was employed as a car dispatcher.

67.     Plaintiff Arecio seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rosario Arecio*

68.     Plaintiff Arecio was employed by Defendants from approximately 1987 until on or about October 23, 2017.

69.     Plaintiff Arecio was employed as a dispatcher.

70. Plaintiff Arecio regularly handled goods produced in interstate commerce, since the cars driven by the staff were produced outside the state of New York.

71. Plaintiff Arecio's work duties required neither discretion nor independent judgment.

72. Plaintiff Arecio regularly worked in excess of 40 hours per week.

73. From approximately October 2011 until on or about October 2015, Plaintiff Arecio worked seven days per week, for approximately 56 to 63 hours per week.

74. From approximately October 2015 until on or about July 2017, Plaintiff Arecio worked six days per week, for approximately 48 to 54 hours per week.

75. From approximately July 2017 until on or about September 2017, Plaintiff Arecio worked five days per week, for approximately 40 to 45 hours per week.

76. Throughout his employment with Defendants, Plaintiff Arecio was paid his wages in a combination of cash and check.

77. From approximately October 2011 until on or about October 2015, Plaintiff Arecio was paid a fixed salary of $700 per week.

78. From approximately October 2015 until on or about July 2017, Plaintiff Arecio was paid a fixed salary of $600 per week.

79. From approximately July 2017 until on or about September 2017, Plaintiff Arecio was paid a fixed salary of $500 per week.

80. Plaintiff Arecio was not required to keep track of his time, nor to his knowledge did defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

81. Defendants never granted Plaintiff Arecio a meal break or rest period of any kind.

12

82.     Plaintiff Arecio's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

83.     In fact, Plaintiff Arecio was often required to work up to one hour past his scheduled departure time and was not compensated for the extra hours he worked.

84.     Defendants never provided Plaintiff Arecio with each payment of wages, a statement of wages as required by NYLL 195(3).

85.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Arecio regarding overtime and wages under the FLSA and NYLL.

86.     Defendants never gave any notice to Plaintiff Arecio, in English and in Spanish (Plaintiff Arecio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

87.     Defendants maintained a policy and practice of requiring Plaintiff Arecio, and all similarly situated employees, to work in excess of 40 hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

88.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Arecio by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying him the wages required under these laws.

89.     Defendants paid Plaintiff Arecio a fixed salary in cash each week.

90.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

91.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff Arecio with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Arecio's relative lack of sophistication in wage and hour laws.

92.     Defendants failed to provide Plaintiff Arecio and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours has worked; and the number of overtime hours has worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiff Arecio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiff Arecio brings these FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

95.     At all relevant times, Plaintiff Arecio, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime and willfully failing to keep records required by the FLSA.

96.     The claims of Plaintiff Arecio stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

97.     Plaintiff Arecio repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Arecio (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

99.     Defendants' failure to pay Plaintiff Arecio (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Arecio (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

101.    Plaintiff Arecio repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff Arecio (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

103.    Defendants' failure to pay Plaintiff Arecio (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

104.    Plaintiff Arecio (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

105.    Plaintiff Arecio repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Arecio with a written notice, in English and in Spanish (Plaintiff Arecio's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

107.     Defendants are liable to Plaintiff Arecio in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

108.    Plaintiff Arecio repeats and realleges all paragraphs above as though set forth fully herein.

109.    Defendants did not provide Plaintiff Arecio with wage statements upon each payment of wages, as required by NYLL 195(3).

110.    Defendants are liable to Plaintiff Arecio in the amount of $5,000, together with costs and attorneys' fees.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arecio respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Arecio and the FLSA class members;

(c)    Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Arecio's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Arecio and the FLSA class members;

(e)    Awarding Plaintiff Arecio and the FLSA class members damages for the amount

17

of overtime wages, and damages for any improper deductions or credits taken against wages

under the FLSA as applicable;

(f)     Awarding Plaintiff Arecio and the FLSA class members liquidated damages in an

amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages

for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Arecio and the members of the FLSA Class;

(h)     Declaring that defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Arecio's and the FLSA class members' compensation, hours, wages; and

any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as

to Plaintiff Arecio and the FLSA class members;

(j)     Awarding Plaintiff Arecio damages for Defendants' violation of the NYLL notice

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiff Arecio and the FLSA class members damages for the amount

of unpaid overtime wages, damages for any improper deductions or credits taken against wages,

under the NYLL as applicable;

(l)     Awarding Plaintiff Arecio and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of overtime compensation

shown to be owed pursuant to NYLL § 663 as applicable;

(m)     Awarding Plaintiff Arecio and the FLSA class members pre-judgment and post-

judgment interest as applicable;

(n)     Awarding Plaintiff Arecio and the FLSA class members the expenses incurred in
this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days
following issuance of judgment, or ninety days after expiration of the time to appeal and no
appeal is then pending, whichever is later, the total amount of judgment shall automatically
increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York

## JURY DEMAND

Plaintiff Arecio demands a trial by jury on all issues triable by a jury.

October 27, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 24, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Rosario Arecio

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                    *Arecio Rosario*

Date / Fecha:                         24 de octubre de 2017

*Certified as a minority-owned business in the State of New York*